**Gary Victor DUBIN, Plaintiff—Appellant,**

v.

**Manuel L. REAL, Individually; et al., Defendants—Appellees.**

No. 04–15418.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2006.*

Decided June 29, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Victor Dubin, Honolulu, HI, pro se.

Thomas C. Stahl, Esq., Office of the U.S. Attorney, San Diego, CA, Kenneth W. Rosenberg, Esq., U.S. Department of Justice Tax Division, Washington, DC, Katherine G. Leonard, Esq., Allison G. Yee, Esq., Carlsmith Ball LLP, Don Jeffrey Gelber, Esq., Gelber, Gelber, Ingersoll & Klevansky, Honolulu, HI, for Defendants–Appellees.

---

Before: B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

## MEMORANDUM**

Plaintiff–Appellant Gary Victor Dubin appeals the district court's dismissal of his action for "fraud upon the court" under Rule 60(b) of the Federal Rules of Civil Procedure. Dubin seeks to restore his name and recover money in connection with two matters that he has litigated in the District of Hawaii and this court over the last twelve years.[1] We have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we affirm the district court. The facts are known to the parties and we do not recite them here.

Several of Dubin's claims for fraud upon the court arise out of his 1994 criminal convictions for willful failure to file income tax returns.[2] The district court dismissed all claims relating to the criminal conviction for lack of subject matter jurisdiction. We review a dismissal for lack of subject matter jurisdiction *de novo. See Luong v. Circuit City Stores, Inc.,* 368 F.3d 1109, 1111 n. 2 (9th Cir.2004).

The Federal Rules of Civil Procedure, by their own terms, apply only to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Kunimoto v. Fidell,* 2004 WL 1109485 (9th Cir.2004); *Kunimoto v. Fidell,* 2001 WL 1480656 (9th Cir.2001); *United States v. Dubin,* 1998 WL 4734 (9th Cir.1998); *United States v. Dubin,* 1995 WL 764141 (9th Cir. 1995).

2. These claims involve the following defendants: District Judges Manuel Real and David Alan Ezra, Assistant U.S. Attorneys Leslie Osborne and John Peyton, the United States, the Internal Revenue Service ("IRS"), and IRS Investigator Charles Banfe. Judge Ezra is also involved as a defendant regarding the civil Rule 11 sanctions matter discussed below.

*civil* actions. *See* Fed.R.Civ.P. 1 (stating that "these rules govern the procedure . . . in all suits of a civil nature"). Every circuit that has addressed the question has agreed that a defendant may not bring an action for fraud upon the court to collaterally attack a criminal conviction. *See United States v. O'Keefe,* 169 F.3d 281, 285 (5th Cir.1999) (noting that Supreme Court precedent "certainly does not require or contemplate that Rule 60(b)(6) [for fraud upon the court] . . . be applied in criminal cases"); *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir.1998) ("We hold that the defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of *Civil* Procedure. . . . Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . ."); *see also United States v. Diaz,* 2003 WL 22434557 (6th Cir.2003) (same); *United States v. Gross,* 2003 WL 21978748 (4th Cir.2003) (same); *United States v. Ramsey,* 106 F.3d 404, 1997 WL 14152 (7th Cir.1997) (same). We agree with our sister circuits that an action under Rule 60(b) of the Federal Rules of *Civil* Procedure cannot be used to collaterally attack a *criminal* conviction. We hold that the dismissal of the complaint as to these defendants was proper.[3]

Dubin also asserts a claim for fraud upon the court based on the Rule 11 sanction that Judge Ezra imposed in a civil bankruptcy matter. *See Kunimoto v. Fidell,* 2001 WL 1480656 (9th Cir.2001). He names Judge Ezra, bankruptcy trustee John Candon, and the Bank of Hawaii as defendants. This claim fails as to Judge Ezra based on judicial immunity and as to the other defendants based on Dubin's failure to state a claim upon which relief can be granted.

■ A judge is immune from civil actions for damages and claims for "declaratory, injunctive and other equitable relief." *Mullis v. U.S. Bankr.Court,* 828 F.2d 1385, 1394 (9th Cir.1987). A judge may be liable: (1) where his actions were taken in clear absence of all jurisdiction, or (2) when he commits a "non-judicial act." *See Stump v. Sparkman,* 435 U.S. 349, 357, 360, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Neither of those exceptions existed here. Judge Ezra's ultimate act—the imposition of Rule 11 sanctions—was unquestionably a judicial act, and it was made in accordance with appropriate jurisdiction. The dismissal of claims against Judge Ezra based on judicial immunity was proper.

■ Finally, the claims against bankruptcy trustee John Candon and the Bank of Hawaii must be dismissed for failure to state a claim. Dubin maintains that Candon and the Bank were only included in this action as "nominal defendants" to facilitate recovery of the Rule 11 sanctions. Dubin's complaint does not ascribe any wrongdoing to either Candon or the Bank, nor does it allege that they played any part in the alleged fraud upon the court. Accordingly, we conclude that it was proper for the district court to dismiss the action as to Candon and the Bank of Hawaii for failure to state a claim.[4]

---

3. We further note that: (1) defendants Peyton and Banfe may not have been timely served with process under Rule 4(m) of the Federal Rules of Civil Procedure; (2) defendants Peyton and Osborne may be protected by prosecutorial immunity; (3) Judges Real and Ezra are likely entitled to absolute judicial immunity. We state no opinion as to those defenses. We instead affirm based on subject matter jurisdiction because it is customary for a court to "first resolve doubts about its jurisdiction over the subject matter" before considering other jurisdictional defenses or defenses on the merits. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

4. We observe that the claims against both Candon and the Bank might have also been

Dubin's impassioned plea in this case does not fall on deaf ears. The district court below noted that the IRS completed a six-year audit of Dubin's finances in 2002, and the IRS concluded that Dubin had no taxable income for all three years for which he was convicted of failing to file tax returns.[5] Dubin served nearly twenty months in prison for his failure to file. Those allegations notwithstanding, Dubin simply cannot collaterally attack his criminal conviction through this civil action for fraud upon the court.

For the foregoing reasons, the district court is **AFFIRMED**.

barred by *res judicata*. The claim against John Candon might also have been dismissed under the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881). We decline to pass on the merits of these defenses, however, because Dubin failed to state a claim as to these defendants.

**5.** We note, as the district court did, that we must accept as true Dubin's factual allegations for purposes of the motions to dismiss. *See Zimmerman v. Or. Dept. of Justice*, 170 F.3d 1169, 1171 (9th Cir.1999).